IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES E. SMITH                                                                                    PLAINTIFF

v.                                          Civil No. 1:19-cv-1066

COURTNEY MATHIS; GUSSIE MATHIS;
CHIEF OF POLICE, El Dorado Police Department (EPD);
and CAPTAIN, EPD                                                                              DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, James E. Smith, proceeds in this matter *pro se* and *in forma pauperis*. (ECF Nos. 10, 12, 14). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.

### I.  BACKGROUND

Plaintiff initially filed his Complaint in the Eastern District of Arkansas on December 26, 2019. (ECF No. 1, 2). The matter was transferred to this Court on December 27, 2019. (ECF No. 3). Plaintiff was directed to file an Amended Complaint by January 17, 2020; however, Plaintiff failed to file an Amended Complaint by the Court-ordered deadline. (ECF No. 6). The Court then entered a Show Cause Order, directing Plaintiff to file an Amended Complaint by March 10, 2020. (ECF No. 9).

Plaintiff's Amended Complaint was filed on March 9, 2020. (ECF No. 12). Plaintiff lists the following Defendants: Courtney Mathis, Gussie Mathis, Chief of Police, El Dorado Police

Department (EPD), and Captain, EPD. (ECF No. 12). Plaintiff also mentions Wesley Turner as a Defendant in the body of his Amended Complaint. *Id*.

Plaintiff states his first claim against Courtney Mathis, in her individual capacity only. Plaintiff alleges an incident on August 21, 2019, where Courtney Mathis "refuse to give my furniture, appliance, clothes, watch, my 200 dollars she borrow get her truck fixed. She also used my debit card, my coats and refuse to give my deposit from [first] and last month rent." (ECF No. 12). When asked to describe the acts or omissions of the Defendant that form the basis of the claim, Plaintiff states: "stress from trying to get my stuff, have use for 9 months my stuff, have to wait on her to get sued by me to get check money I have to pay. Had me arrest to get the trailer house I put her out." *Id*.

Plaintiff's second claim is against Courtney Mathis, Gussie Mathis, and Wesley Turner, in their individual capacities only, and alleges an incident date of August 21, 2019. (ECF No. 12). For this claim Plaintiff's alleges: "she refuse to give my air condition; hit me in head with my cane to run me out the trailer. I put Courtney Mathis and her kids out August 11, 2019." *Id*. Plaintiff further states "stress and got me arrest to take the trailer I put Courtney Mathis out." *Id*.

Plaintiff's third claim is against "Officer of this Department," and alleges September 10, 2019 through September 13, 2019 as relevant dates. (ECF No. 12). Plaintiff's claim is against the EPD Defendants in their official capacities only. Plaintiff alleges the EPD Defendants "refused to help me get my stuff back from Courtney Mathis and Mother." *Id*. Plaintiff further states "stress and my stuff damage." *Id*. When asked to describe the custom and policy that caused the constitutional violation with respect to an official capacity claim, Plaintiff states "to protect and serve." *Id*.

Plaintiff seeks compensatory damages. Plaintiff also seeks "[f]or Courtney to give my stuff, pay for damage to stuff, 20,000 for stress and suffer, pay my month back 500 of last month rent, 200 she borrow for rent and pay back the money she got from my SSI check . . . Gussie 5,000 for stress and pain, give my air condition back . . . EPD pay for stress and suffering (sic) 100,000." (ECF No. 12).

## II.  APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere

3

negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983. *Daniels v. Williams*, 474 U.S. 327, 335 (1986).

Plaintiff's claims have been set forth above. Looking at Plaintiff's allegations, it appears that his claims against Courtney Mathis, Gussie Mathis, and Wesley Turner sound in issues involving domestic relations, landlord-tenant law, and tort. With respect to Plaintiff's claims against the Chief of Police and Captain of the EPD, it appears that Plaintiff is arguing that the officers failed to assist with his disputes with Courtney Mathis, Gussie Mathis, and Wesley Turner.

### A. Courtney Mathis, Gussie Mathis and Wesley Turner

Plaintiff names Courtney Mathis, Gussie Mathis, and Wesley Turner as Defendants in this action.

A section 1983 complaint must allege that each defendant, *acting under the color of state law*, deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001) (finding store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived) (citations omitted).

Based on Plaintiff's allegations, it appears that these Defendants are private individuals and not state actors. Accordingly, the Plaintiff has failed to state a claim under section 1983 against Courtney Mathis, Gussie Mathis, or Wesley Turner.

### B. Captain and Chief of Police, El Dorado Police Department

Plaintiff's states his claims against the EPD Defendants in their official capacities only.

In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362.

*Id.* at 914.

Upon review of Plaintiff's Amended Complaint, Plaintiff has not identified any policy or custom of the EPD which violated his rights. Therefore, Plaintiff has failed to state any plausible official capacity claim against the EPD Defendants.

### IV. CONCLUSION

For above-stated reasons, the Court finds that Plaintiff's Amended Complaint (ECF No. 12) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of March 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge